1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11  DONALD DURBEN, REBECCA
    DURBEN,
12
                    Plaintiffs,
13
           v.
14
    STATE FARM GENERAL INS. CO.,
15  BRENDA ERICKSEN,
16
                    Defendants.
17

No.  2:16-cv-00754-MCE-EFB

**MEMORANDUM AND ORDER**

18         Through this action, Plaintiffs Donald and Rebecca Durben ("Plaintiffs") claim that

19  Defendants State Farm General Insurance Company ("State Farm") and Brenda

20  Ericksen ("Ericksen") forced them to sell their home at a loss by refusing to pay Plaintiffs'

21  preferred contractor to repair fire damage to their home under their homeowners'

22  insurance policy.  Defendants seek to dismiss Plaintiffs' claims for misrepresentation

23  under Federal Rule of Civil Procedure 12(b)(6)[1] on the ground that Plaintiffs' claims are

24  insufficiently pleaded under Rule 9(b).  They further argue that Ericksen is not a proper

25  defendant.  Defendants are correct, and their Motion to Dismiss (ECF No. 4) is

26  GRANTED.

27

28  _____
    [1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise indicated.

1

## BACKGROUND[2]

2

3       Plaintiffs owned a home located at 12830 River Hills Drive, Bella Vista, CA (the

4   "Home") and purchased a homeowners insurance policy (the "Policy") from State Farm.

5   On February 1, 2014, a fire damaged the Home and Plaintiffs tendered a claim under the

6   Policy.  Defendant Ericksen, a State Farm employee, handled Plaintiffs' claim in the

7   normal course and scope of her employment with State Farm.

8       At State Farm's request, Plaintiffs hired Service Master by Chronic Disaster

9   Services ("Service Master") to estimate the cost of restoring the Home to its pre-fire

10  condition.  State Farm rejected Service Master's $690,000 estimate, and thereafter hired

11  another contractor, Clean Rite/Build Rite ("Clean Rite"), to submit an estimate.  In July of

12  2014, Clean Rite estimated the cost of repairing the Home at $272,000.  Plaintiffs allege

13  that Defendant Ericksen told them that Clean Rite was ineligible to perform the repairs.[3]

14  In the Spring of 2015, Clean Rite revised its repair estimate to $430,000.  State Farm

15  then informed Plaintiffs that it would only pay for repair costs that did not exceed that

16  sum.

17      Instead of repairing the home, Plaintiffs sold it at a loss.  They filed this lawsuit in

18  Shasta County Superior Court bringing claims against State Farm for breach of contract,

19  breach of the implied covenant of good faith and fair dealing, and declaratory relief and

20  reformation.  The Complaint also alleges claims for intentional misrepresentation and

21  negligent misrepresentation against both State Farm and Ericksen.  Those latter two

22  claims are the subject of the pending Motion to Dismiss.

23  ///

24  ///

25  ///

26  ///

27

28

---

[2] The following recitation of facts is taken from Plaintiffs' Complaint (ECF No. 1).
[3] The Complaint does not specify why, how, or for how long Clean Rite was "ineligible" to perform the repairs, or how their eligibility to perform the necessary repairs impacted their estimate.

1

2

**STANDARD**

3      On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all

4   allegations of material fact must be accepted as true and construed in the light most

5   favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38

6   (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain statement of the claim

7   showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of

8   what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly,

9   550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A

10   complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual

11   allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to

12   relief requires more than labels and conclusions, and a formulaic recitation of the

13   elements of a cause of action will not do."  Id. (internal citations and quotations omitted).

14   A court is not required to accept as true a "legal conclusion couched as a factual

15   allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at

16   555).  "Factual allegations must be enough to raise a right to relief above the speculative

17   level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller,

18   Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must

19   contain something more than "a statement of facts that merely creates a suspicion [of] a

20   legally cognizable right of action")).

21      Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket

22   assertion, of entitlement to relief."  Twombly, 550 U.S. at 555 n.3 (internal citations and

23   quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard

24   to see how a claimant could satisfy the requirements of providing not only 'fair notice' of

25   the nature of the claim, but also 'grounds' on which the claim rests."  Id. (citing Wright &

26   Miller, supra, at 94, 95).  A pleading must contain "only enough facts to state a claim to

27   relief that is plausible on its face."  Id. at 570.  If the "plaintiffs . . . have not nudged their

28   claims across the line from conceivable to plausible, their complaint must be dismissed."

1  Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge

2  that actual proof of those facts is improbable, and 'that a recovery is very remote and

3  unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

4  A court granting a motion to dismiss a complaint must then decide whether to

5  grant leave to amend.  Leave to amend should be "freely given" where there is no

6  "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

7  to the opposing party by virtue of allowance of the amendment, [or] futility of the

8  amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.

9  Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

10  be considered when deciding whether to grant leave to amend).  Not all of these factors

11  merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .

12  carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,

13  185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that

14  "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group,

15  Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006,

16  1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.

17  1989) ("Leave need not be granted where the amendment of the complaint . . .

18  constitutes an exercise in futility . . . .")).

19

20  **ANALYSIS**

21

22  Plaintiffs' misrepresentation claims cannot survive as to either defendant.

23  Defendants argue that Plaintiffs cannot maintain a claim against Ericksen based on

24  statements Plaintiffs specifically allege she made within the course and scope of her

25  employment.  Defendants also observe that the misrepresentation claims are too

26  generally pleaded to pass muster under Rule 9(b).  The Court agrees with both of

27  Defendants' arguments.

28  ///

1

**A.  Defendant Ericksen is not a proper defendant.**

2 Courts adjudicating insurance disputes under California law rarely permit direct

3 claims against an insurer's individual employees for conduct arising solely from the

4 insurer's performance under the policy.  See Icasiano v. Allstate Ins. Co., 103 F. Supp.

5 2d 1187, 1189 (N.D. Cal. June 23, 2000) ("An agent of an insurance company is

6 generally immune from suits brought by claimants for actions taken while the agent was

7 acting within the scope of its agency.").  Under California law, insurance company

8 employees who act within the course and scope of their employment cannot be held

9 individually liable for that conduct unless they act as a dual agent or for their own

10 personal benefit.  Mercado v. AllState Ins. Co., 340 F.3d 824, 826 (9th Cir. 2003).  This

11 rule applies even to an insured's claims of fraud.  Icasiano, 103 F. Supp. 2d at 1190.

12 Here, Plaintiffs specifically allege that Defendant Ericksen acted "within the

13 course and scope of her . . . employment and agency."  ECF No. 1-1 at ¶ 1.  There are

14 no facts alleged that tend to establish that Ericksen acted as a dual agent or for her own

15 personal benefit in her conversations with Plaintiffs or her adjustment of their insurance

16 claim.  Furthermore, the only injury that Plaintiffs allege was caused by Ericksen is the

17 same injury caused by the denial of policy benefits by State Farm.  Id. at ¶¶ 28, 34.

18 Plaintiffs' failure to allege that Ericksen acted outside the course and scope of her

19 employment—either as a dual agent or for her own personal benefit—entitles her to

20 dismissal from this action.  Their clear allegation that she acted within the scope of her

21 employment would make any attempt at amending their claims against her futile.  See

22 Trew v. International Game Fish Ass'n, Inc., 404 F. Supp. 2d 1173, 1177 (N.D. Cal. Dec.

23 13, 2005) ("In determining whether amendment would be futile, a court examines

24 whether the complaint could be amended to cure the defect requiring dismissal without

25 contradicting any of the allegations of the original complaint." (internal quotation marks

26 and brackets omitted)).  Accordingly, Plaintiffs' claims against Defendant Ericksen are

27 DISMISSED without leave to amend.

28 ///

1

**B. Plaintiffs' fraud claims are insufficiently pleaded.**

2       Plaintiffs' Fourth and Fifth Causes of Action for intentional and negligent

3  misrepresentation against State Farm must also be dismissed for failure to comply with

4  Rule 9(b).  Rule 9(b) requires fraud claims to be pleaded with particularity.  In the Ninth

5  Circuit, a fraud claim can withstand an attack under Rule 9(b) if the plaintiff alleges

6  specific facts concerning the "who, what, when, where, and how of the misconduct

7  charged."  <u>Vees v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal

8  quotation marks omitted).  Rule 9(b) applies not only to claims for intentional

9  misrepresentation, but claims for negligent misrepresentation as well.  <u>See</u> <u>Cisco</u>

10 <u>Systems, Inc. v. STMicroelectronics, Inc.</u>, 77 F. Supp. 3d 887, 898 (N.D. Cal. Dec. 29,

11 2014) (applying Rule 9(b) to the plaintiff's claim for negligent misrepresentation).

12      Here, Plaintiffs' Complaint is bereft of the specificity necessary to state claims for

13 misrepresentation.  For example, there are no allegations that explain what was false or

14 misleading about the misrepresentations identified in the Complaint, why those

15 statements were false, or when they were made.  Furthermore, Plaintiffs' damages

16 allegations are far too general to support their fraud claims.  Accordingly, Plaintiffs' fraud-

17 based claims are DISMISSED, with leave to amend, as to State Farm.

18                                   **CONCLUSION**

19      Defendants' Motion to Dismiss (ECF No. 4) is GRANTED in its entirety.

20 Defendant Brenda Ericksen is hereby DISMISSED from this action with prejudice.

21 Plaintiffs' Fourth and Fifth Causes of Action are DISMISSED with leave to amend as to

22 State Farm.  Plaintiff may file a First Amended Complaint within twenty-one (21) days

23 from the date this Order is electronically filed.

24      IT IS SO ORDERED.

25 Dated:  July 29, 2016

26

27                                   _____
                                    MORRISON C. ENGLAND, JR.
                                    UNITED STATES DISTRICT JUDGE

28