UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| DONALD DURBEN and REBECCA DURBEN, | No. 2:16-cv-00754-MCE-EFB |
|---|---|
| Plaintiffs, | **MEMORANDUM AND ORDER** |
| v. | |
| STATE FARM GENERAL INSURANCE COMPANY and BRENDA ERICKSEN, | |
| Defendants. | |

Through the motion presently before the Court, Plaintiffs Donald and Rebecca Durben ("Plaintiffs") seek to reopen discovery for six months and ask that the Court's pretrial scheduling order be modified to that effect. ECF No. 32. For the reasons stated below, Plaintiffs' Motion is DENIED.[1]

## BACKGROUND

In February 2016, Plaintiffs commenced this action in Shasta County Superior Court against Defendant State Farm General Insurance Company ("Defendant") and its

---

[1] Because oral argument would not have been of material assistance, the Court ordered these matters submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

employee Brenda Ericksen, alleging various causes of action related to Defendant's alleged mishandling of Plaintiffs' insurance claim following a home fire.  Plaintiffs were formerly represented by Albert Boasberg.  On April 13, 2016, Defendant removed the action to this Court.  ECF No. 1.  An Initial Pretrial Scheduling Order ("PTSO") was issued that same day.  ECF No. 2.

Defendant and Ms. Ericksen filed a motion to dismiss certain causes of action under Federal Rule of Civil Procedure 12(b)(6), and Mr. Boasberg filed an opposition on Plaintiffs' behalf.  ECF Nos. 4, 5.  On August 1, 2016, this Court granted Defendants' motion, dismissing Ms. Ericksen with prejudice and dismissing two causes of action for misrepresentation with leave to amend.  ECF No. 8.  Mr. Boasberg subsequently filed Plaintiffs' First Amended Complaint, which omitted the misrepresentation claims.  ECF No. 9.

In January 2017, the parties served initial disclosures, and Defendant served interrogatories and requests for production.  Collier Decl., ECF No. 34-1, at 2.  Mr. Boasberg thereafter filed Plaintiffs' Second Amended Complaint.  ECF No. 15.  Subsequently, on July 20, 2017, Mr. Boasberg served Plaintiffs' verified responses to interrogatories, and, on August 9, 2017, he personally delivered 9,878 pages of Plaintiffs' documents to Defendant's counsel.  Collier Decl., ECF No. 34-1, at 2.  Over the course of two days later that month, Mr. Boasberg defended Plaintiffs' depositions and produced more documents.  Id.

On October 10, 2017, Defendant filed its motion for summary judgment.  ECF No. 17.  At the end of that month, Mr. Boasberg filed Plaintiffs' opposition, which included declarations from Plaintiffs' public insurance adjuster and their architect.  ECF No. 19.  In September of the following year, the Court granted in part and denied in part Defendant's motion for summary judgment.  ECF No. 22.

Shortly before that, however, Mr. Boasberg was convicted, by plea, in California Superior Court, of theft from an elder by a caretaker and insurance fraud.  Ex. A, Def.'s
///

Request for Judicial Notice, ECF No. 34-2.[2] In September of that same year, Plaintiffs learned that Mr. Boasberg would no longer represent them. Pls.' Mot. Modification, ECF No. 32-1, at 3. On October 11, 2018, Defendant's counsel notified the Court of Mr. Boasberg's incarceration. ECF No. 23. The following August, Plaintiffs' current attorney, Robert Knox, was substituted in as counsel of record. ECF No. 29. On August 21, 2019, Defendant's counsel provided Mr. Knox with over 55,000 pages of documents, including copies of all discovery and correspondence exchanged between Mr. Boasberg and Defendant's counsel. First Joint Status Report, ECF No. 30, at 2. On September 26, 2019, Plaintiffs filed the present Motion, asking the Court to reopen the discovery period for an additional six months due to Mr. Boasberg's gross negligence in handling Plaintiffs' case.

## STANDARD

Generally, the Court is required to enter a pretrial scheduling order within 120 days of the filing of the complaint. Fed. R. Civ. P. 16(b). The scheduling order "controls the subsequent course of the action" unless modified by the Court. Fed. R. Civ. P. 16(e). Orders entered before the final pretrial conference may be modified upon a showing of "good cause," Fed. R. Civ. P. 16(b), but orders "following a final pretrial conference shall be modified only to prevent manifest injustice." Fed. R. Civ. P. 16(e); see also Johnson v. Mammoth Recreations, 975 F.2d 604, 608 (9th Cir. 1992).

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. Johnson, 975 F.2d at 609. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id.; Fed. R. Civ. P. 16 advisory committee's notes (1983

---

[2] Defendant's Request for Judicial Notice under Federal Rule of Evidence 201 is unopposed and is GRANTED.

3

amendment).  Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.  Johnson, 975 F.2d at 609.  Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  Id. (citing Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985)).  If the moving party was not diligent, the Court's inquiry should end.  Id.

**ANALYSIS**

Plaintiffs argue Mr. Boasberg's gross negligence satisfies Rule 16's good cause requirement because he failed to adequately prosecute Plaintiffs' case, such as taking depositions, disclosing expert witnesses, and gathering evidence.  ECF No. 32.  As a result, Plaintiffs ask the Court to start discovery over again.  See Pls.' Reply, ECF No. 35, at 9.  When a party alleges attorney negligence as the basis for good cause, more than ordinary negligence is required: if the party can show gross negligence or abandonment, then modification of the PTSO is warranted.  Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha, 218 F.R.D. 667, 674 (C.D. Cal. 2003).

Plaintiffs' Motion is based on the assertion that Mr. Boasberg provided inadequate representation.  However, Plaintiffs' dissatisfaction with Mr. Boasberg's handling of the case is insufficient under Rule 16.  See Johnson, 975 F.2d at 609; see also Reinsdorf v. Skechers U.S.A., Inc., 296 F.R.D. 604, 614 (C.D. Cal. 2013) ("Nor is the hiring of new counsel sufficient in itself to warrant reopening discovery to correct prior counsel's purported errors.").

Nor do Plaintiffs sufficiently contend that they were abandoned.  Although Mr. Boasberg did little to further Plaintiffs' case, he still made appearances, filed pleadings, and opposed motions.  Cf. Comm. Dental Servs. v. Tani, 282 F.3d 1164, 1171 (9th Cir. 2002) (finding attorney "virtually abandoned" his client's case by failing to

oppose motions and attend hearings). Therefore, Plaintiffs' argument is unavailing. See id. ("[C]onduct on the part of a client's alleged representative that results in the client's receiving practically no representation at all clearly constitutes gross negligence[.]").

Furthermore, Plaintiffs were not diligent in seeking modification of the PTSO because discovery ended over two and a half years ago and the case has progressed beyond the summary judgment stage. Because Plaintiffs fail to show good cause under Rule 16(b), their Motion is DENIED.

## CONCLUSION

For all the foregoing reasons, Plaintiffs' Motion for Modification of the Initial Pretrial Scheduling Order, ECF No. 32, is DENIED. The Court's previously sanctioned deadlines shall remain in effect, and without any change.

Further, the parties were required to submit a Joint Status Report no later than December 27, 2019, but failed to do so. ECF No. 31. The parties are hereby ordered to file a Joint Status Report not later than sixty (60) days of the electronic filing of this Order.

IT IS SO ORDERED.

Dated: February 18, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE